JAMES WHITE, Administrator, *vs.* ELIJAH B. STODDARD & another.

The holder of a negotiable promissory note died, and the executor named in his will found and filed it three days before it became due, and asked the indorsers to waive demand and notice, which they declined. Within a month he proved the will, but immediately relinquished the trust of executor, never having qualified. An administrator was appointed, found the note among the papers of the deceased a week after he received them, presented it the next day, and notified the indorsers of non-payment the day after. *Held,* that the demand and notice were seasonably made.

ACTION OF CONTRACT against the indorsers of a negotiable promissory note, dated December 11th 1856, and payable in one year. Trial before *Merrick*, J. and verdict for the plaintiff, subject to the opinion of the court upon these facts:

Adams P. Barnes took the note for valuable consideration soon after it was made, and died on the 15th of November 1857. William Greenleaf, the executor named in his will, found the note among his papers on the 11th of December 1857, and filed it, and on the 31st of December requested the defendants to waive their right of demand and notice, which they declined to do. On the 5th of January 1858, the will of Barnes was admitted to probate, and on the 13th Greenleaf renounced the trust of executor, having never given bonds. On the 19th the plaintiff was appointed administrator with the will annexed, gave bond as required by law, and received the papers of the deceased, among which, on the 26th of January, he found the note, and the next day demanded payment of the maker, which was refused, and notice given to the defendants.

*F. H. Dewey & E. B. Stoddard*, for the defendants. The demand upon the maker was not seasonably made. The death of the holder and want of administration do not excuse non-presentment. *Price* v. *Young*, 1 McCord, 339. Story on Notes, §§ 201, 203, 241. Story on Bills, §§ 112, 203, 227, 230, 346. If presentment at maturity is prevented by death or inevitable accident, it should be made at the earliest moment after some one is authorized to act. Losing or mislaying a note is no excuse for non-presentment. Story on Notes, §§ 250, 290. In this case the executor named in the will found the note three days before it became due, and filed it, thus leaving it where any representative of the holder might find it; he recognized his duty with regard to it, by asking the indorsers to waive demand and notice; and did not decline the trust until some days after the will had been admitted to probate. The administrator made no demand until eight days after he had received the note, as he might have known by the slightest examination of the papers of the estate. When he found it, he did not present it until the next day, nor notify the indorsers until the day after. They are discharged by his laches.

*D. Foster*, for the plaintiff. It is a general principle of the law merchant that whenever the presentment for payment or notice of non-payment of a promissory note becomes impossible

without fault of the owner, the indorsers remain liable, provided presentment is made and notice is given within a reasonable time after the obstacle is removed. This rule applies where the holder has died, and there is no executor or administrator appointed or qualified to act at the maturity of the note. Molloy, bk. 2, *c.* 10, § 34. Bac. Ab. Merchant, M. 7. Cunningham on Bills, sect. 7, § 3. Beawes Lex Merc. Bills of Exchange, 150. 3 Kent Com. (6th ed.) 109. Story on Notes, §§ 205, 206, 257–263, 337, 355, 368. Byles on Bills, (4th Amer. ed.) 41, 236. 1 Parsons on Con. 226. Rosc. Ev. 147. Pothier, Traité du Contrat de Change, 144. 2 Pardessus Droit Com. 422 *& seq.* ·*Hilton* v. *Shepherd,* 6 East, 14, note. *Patience* v. *Townley,* 2 Smith, 223. *Creamer* v. *Perry,* 17 Pick. 335. *Freeman* v. *Boynton,* 7 Mass. 486. *Farnum* v. *Fowle,* 12 Mass. 92. *Barker* v. *Parker,* 6 Pick. 80. *Rand* v. *Hubbard,* 4 Met. 252. *Tunno* v. *Lague,* 2 Johns. Cas. 1. *Schofield* v. *Bayard,* 3 Wend. 488. *Hopkirk* v. *Page,* 2 Brock. 20. *Aborn* v. *Bosworth,* 1 R. I. 401 *Windham Bank* v. *Norton,* 22 Conn. 213. *Price* v. *Young,* 1 McCord, 339. By the preponderance of authorities, there is no distinction between a case of intestacy and one in which there is an executor who has not qualified. If there is any such distinction in England, there is none under our statutes. Rev. Sts. *c.* 63, § 2. At all events it is not applicable to this case, in which the executor never qualified, but wholly renounced the trust.

MERRICK, J. Greenleaf having refused to act as executor, there was no person, until the appointment of the plaintiff as administrator of the estate of Barnes, who could lawfully demand payment of the maker or receive the amount due upon the note. When the holder of a negotiable promissory note has died, and no executor or administrator has been appointed and qualified to act, at its maturity, the indorsers remain liable, and will continue to be liable, if presentment is made to the maker in a reasonable time after the due appointment and qualification of an executor or administrator, and notice of the dishonor of the note is seasonably thereafterwards given to them. An administrator must be allowed a reasonable time to search for

and examine the papers and evidences of the property of the deceased, before he can be required to act in relation to any of them. From the facts reported, there appears to have been no negligence or inattention, or improper delay, in the performance of his duty on the part of the plaintiff, after a letter of administration was granted to him, but that he proceeded in all respects with reasonable promptitude and diligence. He first found and saw the note on the 26th of January, which was within one week after his appointment, and on the next day he presented it to the maker for payment. This, within the meaning of the rule of law upon that subject, was a presentment in a reasonable time. The indorsers were notified of the non-payment and dishonor of the note on the day then next following. That notice was sufficient and given in sufficient season to make their liability thenceforward absolute and unconditional; and there must accordingly be          *Judgment on the verdict.*